[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE (DOCKET ENTRY No. 109)
The plaintiffs, Harold and Carol J. Abrams, filed a four-count complaint against the defendants, Riding High Dude Ranch, Inc., d/b/a Ridin-Hy Ranch (Riding High), Wild West Stables (Wild West), and Anthony Beadnell (Beadnell) on July 18, 1997. The plaintiffs allege that on or about July 29, 1995, Harold Abrams (Abrams) was injured at the facility owned and operated by Riding High when he was thrown from a mule. The mule rides were supplied by Wild West. Beadnell is the chairman of both Riding High and Wild West.[1] Count one sounds in strict liability, count two in negligence, count three alleges a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA), and count four is a derivative claim of loss of consortium brought on behalf of Carol Abrams.
The defendants filed a motion to strike counts one and three of the plaintiffs' complaint, on the ground that the claims made therein do not state a claim upon which relief can be granted.[2] The plaintiffs filed a memorandum of law in opposition to the motion to strike on January 20, 1998. The matter was heard by the court on January 20, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . . If facts provable in the CT Page 1486 complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
The defendants argue that the third count of the complaint is really a negligence claim, rather than a claim under CUTPA, and that none of the three prongs of the "cigarette rule" can be met by the plaintiffs. The defendants also argue that the plaintiffs have not alleged that the defendants were engaged in wrongful conduct to such an extent that such conduct must be considered a general business practice. The defendants further argue that count three must be struck because the plaintiffs have alleged two causes of action, including an unfair trade practice and a deceptive practice. In addition, the defendants seek to have the punitive damages claim struck from the plaintiffs' prayer for relief.
The plaintiffs argue that it is not necessary for allegations to meet all three of the cigarette rule prongs in order for a claim under CUTPA to survive a motion to strike. The plaintiffs also argue that allegations of negligent misrepresentation can be one basis of a CUTPA claim. The plaintiffs further contend that count three sufficiently alleges deceptive practices. In addition, the plaintiffs argue that since count three sufficiently alleges a cause of action under CUTPA, the punitive damages portion of the prayer for relief should not be struck.
"Section 42-110b(a) provides: `No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].' Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 657 A.2d 212 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets CT Page 1487 one of the criteria or because to a lesser extent it meets all three . . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted; internal quotation marks omitted.) Jacobs v. Healey Ford-Subaru,Inc., 231 Conn. 707, 725-26 (1995).
"The Connecticut Supreme Court has held that the first prong, by itself, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence . . . . Negligent acts, in general, are not inherently immoral, unethical, oppressive, or unscrupulous. Negligent conduct supporting CUTPA claims usually involves negligent misrepresentation, see, e.g., Prishwalko v. Bob Thomas Ford,Inc., 33 Conn. App. 575, 636 A.2d 1383 (1994). CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. A-G Foods, Inc. v.Pepperidge Farm, Inc., supra, 216 Conn. 217." Anzellotti v.National Amusements, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 546129 (February 20, 1996, Hennessey, J.).
"The governing principles [of a claim of negligent misrepresentation] are set forth . . . in § 552 of the Restatement (Second) of Torts (1977): `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" Williams Ford, Inc. v. HartfordCourant Co., supra, 232 Conn. 575. "[Section] 552 applies to anyone who supplies information `in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest.'" Id., 576.
The plaintiffs allege that Abrams was encouraged to utilize the services of the defendants to take a mule ride. The plaintiffs also claim that the defendants' agents represented to Abrams that the mules were docile, easy to ride and would pose no risk of harm or injury to Abrams, although they knew or should have known that Abrams had no experience riding mules. The court finds, based on these allegations, that the plaintiffs have sufficiently alleged the elements of negligent misrepresentation, and have therefore alleged more than a simple negligence claim in CT Page 1488 count two of the complaint.
While "the case law supports the proposition that negligent acts, or a mere breach of contract, standing alone are not sufficient to constitute a cause of action under CUTPA; . . . [w]here a complaint includes allegations of affirmative misrepresentations, such as those present here, a CUTPA claim is permissible . . . . Construing the allegations in the complaint most favorably to plaintiff, the [relevant] counts allege such misrepresentations by defendants in the course of their doing business. These allegations of misrepresentations, upon which plaintiff claims to have relied, are sufficient to satisfy the first two prongs of the `cigarette rule' and bring the case within the broad, remedial reach of CUTPA." Lichstein v. YankeeCoach Trailer Sales, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565882 (July 2, 1997, Lavine, J.).
The plaintiffs have alleged sufficient facts to demonstrate that the defendants were engaged in wrongful conduct, because the plaintiffs need only allege a single act of misconduct to bring a claim under CUTPA. See Cordtz v. Arbor National Mortgage, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317401 (March 10, 1995 Freedman, J.) (single act may support a legally sufficient CUTPA claim, as this view is consistent with the remedial nature of CUTPA).[3]
Accordingly, the defendants' motion to strike count three of the plaintiffs' complaint is denied; and, therefore, the defendants' motion to strike the corresponding prayer for relief is also denied.[4]
SKOLNICK, J.